**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-1764**

———————

KATHRYN A. NUZBACK REVOCABLE TRUST,

Plaintiff - Appellant,

v.

PRINCE GEORGE'S COUNTY; PRINCE GEORGE'S COUNTY DEPARTMENT OF PERMITTING, INSPECTIONS & ENFORCEMENT,

Defendants - Appellees.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Gina Simms, Magistrate Judge.  (8:21-cv-00579-GLS)

———————

Submitted:  May 16, 2024                    Decided:  August 27, 2024

———————

Before HARRIS and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Michael A. Ostroff, MONTERO LAW GROUP, LLC, Silver Spring, Maryland, for Appellant.  Rhonda Weaver, County Attorney, Shelley L. Johnson, Deputy County Attorney, Marita Grant, Associate County Attorney, PRINCE GEORGE'S COUNTY OFFICE OF LAW, Largo, Maryland, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Kathryn A. Nuzback Revocable Trust ("Nuzback") appeals the magistrate judge's orders dismissing its complaint without leave to amend and denying its Fed. R. Civ. P. 59(e) motion.[*]  On appeal, Nuzback contends that the magistrate judge erred in determining that it would have been futile to amend because its claims were barred by the statute of limitations.  We affirm the magistrate judge's orders.

We review for abuse of discretion a district court's decision to dismiss a complaint with prejudice rather than granting leave to amend.  *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008).  Although district courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend should "be denied when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile," *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 217-18 (4th Cir. 2019) (internal quotation marks omitted). A court does not "abuse[] its discretion by declining to grant a motion [for leave to amend] that was never properly made." *Cozzarelli*, 549 F.3d at 631.  We also review a district court's order denying a Rule 59(e) motion for abuse of discretion.  *Wilkins v. Montgomery*, 751 F.3d 214, 220 (4th Cir. 2014).  And we may affirm "on any ground apparent on the record." *Moore v. Frazier*, 941 F.3d 717, 725 (4th Cir. 2019).

---

[*] The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

2

We affirm the magistrate judge's orders for two reasons.  First, Nuzback never moved for leave to file an amended complaint.  We have repeatedly held that a district court does not abuse its discretion by dismissing a complaint without leave to amend when a party never properly moves to amend.  *See Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474-75 (4th Cir. 2014); *Cozzarelli*, 549 F.3d at 630-31.

Second, the magistrate judge correctly relied on the November 2016 complaint filed in the first state court action as the relevant event for determining when the statute of limitations began to run.  Because 42 U.S.C. § 1983 does not contain its own statute of limitations, federal courts apply the forum state's most analogous statute of limitations, generally the limitations period applicable to personal injury actions.  *See Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 388 (4th Cir. 2014).  The parties agree that Maryland's three-year statute of limitations applies.  *Id.*; Michie's Md. Code Ann., Cts. & Jud. Proc. § 5-101 (LexisNexis 2020).

While we apply Maryland's three-year statute of limitations, federal law controls when the statute of limitations begins to run.  *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011).  Under federal law, "a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to [him] that reasonable inquiry will reveal [his] cause of action."  *Reid v. James Madison Univ.*, 90 F.4th 311, 319 (4th Cir. 2024) (internal quotation marks omitted).  In other words, "for purposes of a § 1983 claim, a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice—e.g., by the knowledge of the fact of injury and who caused it—to make

3

reasonable inquiry and that inquiry would reveal the existence of a colorable claim." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc).

The November 2016 complaint stated that Prince George's County ("the County") had determined it did not have an ownership interest in the right-of-way. At this point, Nuzback was on inquiry notice about its claims in this lawsuit concerning the County's decision to disclaim ownership. Thus, it should have filed its lawsuit no later than November 2019. While Nuzback contends that the magistrate judge should not have considered this document because Defendants did not cite this date, the magistrate judge appropriately considered the entire record to determine that amendment would be futile. *Cf. Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (recognizing courts may take judicial notice of public records in considering motion to dismiss).

Accordingly, we affirm the magistrate judge's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4